UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JOSEPH COSENTINO,

       Plaintiff,

 -against-

VILLAGE/TOWN OF MT. KISCO,
New York,

-------------------------------------------------------x

07 Civ. ( )

**COMPLAINT**

**Jury Trial Demanded**

07 CIV. 3410

Plaintiff JOSEPH COSENTINO, by his attorneys Lovett & Gould, LLP, for his complaint respectfully alleges:

### NATURE OF THE ACTION

1. This is an action for compensatory and liquidated damages proximately resulting from conduct engaged in by Defendant in violation of Plaintiff's rights as guaranteed by reason of the Americans with Disabilities Act and the Family Medical Leave Act.

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1342. With respect to Plaintiff's ADA claim, in April of 2006 he duly filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission alleging both disability and retaliation. On February 6, 2007, the EEOC duly issued to him a Notice of Right to Sue. Plaintiff's supplemental state law claim is interposed in accordance with 28 U.S.C. §1367.

1

## THE PARTIES

3. Plaintiff JOSEPH COSENTINO is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. At all times prior to the termination of his employment as set forth *infra*, he was continuously employed commencing on June 6, 1988, by the Defendant as a "Laborer". He worked at least 1,250 hours in the twelve month period preceding his disability as referenced *infra*. As such he was an eligible employee for purposes of the Family Medical Leave Act.

4. Defendant VILLAGE/TOWN OF MT. KISCO (hereinafter "Town") is a municipal corporate subdivision of the State of New York, duly existing by reason of and pursuant to the laws of said State. As such it employed substantially in excess of fifty employees for each week day during twenty or more calendar weeks in the then current and/or then preceding year in relation to the date of Plaintiff's disability as referenced *infra*. The Town is an employer for purposes of the Family Medical Leave Act.

## THE FACTS

5. In or about 2004/2005 Plaintiff suffered an on-the-job injury to his spinal column, a disability that substantially limited one or more of his major life activities.

6. Following resulting surgery he return to work and requested by reason of his disability a reasonable accommodation so as to obviate the need for him to lift objects in excess of forty pounds. Had that accommodation been given to him, he would have been able to perform the required duties of his position of employment.

7. Defendant refused that accommodation on the calculatedly false premise that there was no light duty work available.

8. Under the circumstances Plaintiff returned to work without any accommodation and as a proximate result re-injured his spinal cord - - a circumstance that required him to be absent from work for a not insubstantial period of time during 2006.

9. In that calendar year, although Plaintiff was entitled to and supposed to be receiving Workers Compensation benefits at the rate of $400 per week, those moneys were only paid to and retained by the Defendant.

10. In that same period of time Defendant ordered Plaintiff to utilize accrued holiday time, accrued sick leave, accrued personal leave, and accrued vacation leave - - cumulatively exceeding seventy days and having a monetary value in excess of $10,000 - - for which he was paid his normal salary. As a result Plaintiff, for that period of time, was not absent from work by reason of an inability to perform the duties of his job position.

11. By letter dated April 12, 2006, Defendant notified Plaintiff in pertinent respect:

> "As you are aware, you have been absent from work due to a disability compensable under the New York State Workers' Compensation Law; i.e., your back injury for a total of 374 calendar days (through April 12, 2006).
>
> Under New York Civil Service Law, Section 71, the Village has the right to terminate your employment because you have been cumulatively absent in excess of one year as a result of your

Workers' Compensation compensable injury.

You are hereby notified that because you have been absent in excess of one year as a result of that injury, your employment with the Village may be terminated as of Friday, April 21, 2006."

12. By letter dated June 14, 2006, Defendant terminated Plaintiff's employment effective immediately.

13. At no time did Defendant inform and/or notify Plaintiff as to the Family Medical Leave Act and/or his entitlement to take a leave (paid and/or unpaid) pursuant to that Act by reason of his disabling injury.

14. Following the termination of Plaintiff's employment, and motivated in whole and/or in substantial respect by an intention to retaliate against him for having filed the above-referenced Charge of Discrimination with the EEOC, Defendant has punitively and intentionally refused to pay to Plaintiff in excess of $18,000 to which he is entitled by reason of his longevity and as provided for in the applicable Collective Bargaining Agreement between Defendant and Local 456 of the International Brotherhood of Teamsters.

15. Since the accumulated leave time that Plaintiff was forced to use during his otherwise period of disability could not lawfully be considered as either an absence from work for purposes of Workers Compensation and/or an inability to perform the duties of his position, his termination of employment was not permissible under Section 71 of the New York State Civil Service Law.

16. Since Plaintiff was never informed of the Family Medical Leave Act and/or his entitlement to the benefits of that law (with and/or without pay), twelve weeks of

leave to which he was entitled in 2006 by reason of his disability could not lawfully be considered as either an absence from work for purposes of Workers Compensation and/or an inability to perform the duties of his position. As a result he could not lawfully be terminated pursuant to Section 71 of the Civil Service Law.

## AS AND FOR A FIRST CLAIM

17. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "16", inclusive.

18. Under the premises Defendant's retaliation for Plaintiff's having filed a Charge of Discrimination with the EEOC violated Plaintiff's rights as guaranteed by reason of the Americans with Disabilities Act and Section 296 *et. seq* of the New York State Executive Law.

## AS AND FOR A SECOND CLAIM

19. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "16", inclusive.

20. Under the premises Defendant violated Plaintiff's rights as guaranteed him by reason of the Family Medical Leave Act.

WHEREFORE a judgment is respectfully requested:

    a. Awarding on both claims such compensatory damages as the jury may determine,

    b. Awarding liquidated damages,

    c. Awarding on the federal claims reasonable attorney's fees and costs, and,

    d. Ordering Plaintiff retroactively reinstated to his job position, with back pays and such other and further benefits as would have accrued to him but for his termination of employment, and,

    e. Granting such other and further relief as to the Court seems just.

Dated: White Plains, N.Y.
       April 26, 2007

LOVETT & GOULD, LLP
By: _____
    Jonathan Lovett
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401