UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| JOSEPH COSENTINO, | **ANSWER** |
| Plaintiff, | Index No. 07-cv-3410 |
| - against – | Hon. Charles L. Brieant |
| VILLAGE/TOWN OF MT. KISCO,<br>New York, | |
| Defendants. | |

- - - - - - - - --- - - - - - - - - - - - - - - - - - - - X

Defendant, VILLAGE/TOWN OF MT. KISCO, New York, by and through its attorney, Bond, Schoeneck & King, PLLC, answers the Complaint, pursuant to Rule 12 of the Federal Rules of Civil Procedure, as follows:

1. NEITHER ADMITS NOR DENIES the content of Paragraph 1 of the Complaint as it does not contain any factual allegations, only preliminary language and legal conclusions.

2. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, except ADMITS that Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and that the EEOC issued a Notice of Right to Sue.

3. DENIES the truth of the allegations contained in Paragraph 3 of the Complaint, and further DENIES knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's citizenry, residency, and employment status.

4. ADMITS the truth of the allegations contained in Paragraph 4 of the Complaint.

5. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. DENIES the truth of the allegations contained in Paragraph 6 of the Complaint.

7. DENIES the truth of the allegations contained in Paragraph 7 of the Complaint.

8. DENIES the truth of the allegations contained in Paragraph 8 of the Complaint, and affirmatively asserts that Plaintiff never requested an accommodation.

9. DENIES the truth of the allegations contained in Paragraph 9 of the Complaint.

10. DENIES the truth of the allegations contained in Paragraph 10 of the Complaint.

11. ADMITS the truth of the allegations contained in Paragraph 11 of the Complaint.

12. ADMITS the truth of the allegations contained in Paragraph 12 of the Complaint.

13. DENIES the truth of the allegations contained in Paragraph 13 of the Complaint.

14. DENIES the truth of the allegations contained in Paragraph 14 of the Complaint.

15. DENIES the truth of the allegations contained in Paragraph 15 of the Complaint.

16. DENIES the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Repeats and realleges each and every response contained in Paragraphs 1 to 16 above as if fully set forth herein.

18. DENIES the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Repeats and realleges each and every response contained in Paragraphs 1 to 16 above as if fully set forth herein.

20. DENIES the truth of the allegations contained in Paragraph 20 of the Complaint.

57005.1 6/18/2007

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

21. Plaintiff neither requested, nor was denied, nor did he require a reasonable accommodation upon his return to work from back surgery in August 2004.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

22. Defendant notified Plaintiff of his impending termination pursuant to Section 71 of New York State Law by letter dated April 12, 2006, prior to the Plaintiff's filing of a Charge of Discrimination with the EEOC.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

23. Plaintiff's disability-related federal (Americans with Disabilities Act) and state (New York State Executive Law, Section 296, *et seq.*) claims should be judicially estopped by virtue of his filing for and receiving a disability retirement with the New York State and Local Retirement System.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

24. Plaintiff failed to satisfy the 1,250 work hours requirement to be eligible for the protections of the Family Medical Leave Act.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

25. Even if Plaintiff was deemed eligible for the protections of the Family Medical Leave Act, Plaintiff received all statutory benefits afforded by the Family Medical Leave Act from the Defendant.

WHEREFORE, the Defendant respectfully requests that the Complaint be dismissed in its entirety, and that the Court grant such further relief as it deems necessary and proper.

Dated:   Garden City, New York
         June 18, 2007

                                          Respectfully submitted,

                                          BOND, SCHOENECK & KING, PLLC


                                          By:_____/s/ Christopher T. Kurtz_____

                                          Christopher T. Kurtz (CK 9187)
                                          Attorneys for the Defendant
                                          1399 Franklin Avenue, Suite 200
                                          Garden City, New York  11530
                                          (516) 267-6300

Of Counsel:

    Mark N. Reinharz, Esq.

# CERTIFICATE OF SERVICE

      I hereby certify that on June 18, 2007, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

Jonathan Lovett, Esq.
Lovett & Gould, LLP
222 Bloomingdale Road
White Plains, New York 10605
Attorney for Plaintiffs

                                          /s/ Christopher T. Kurtz
                                  Christopher T. Kurtz (CK 9187)
                                  Bond, Schoeneck & King, PLLC
                                  Attorneys for Defendants
                                  1399 Franklin Avenue, Suite 200
                                  Garden City, New York  11530
                                  (516) 267-6300